UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSE
WESTERN DIVISION, AT MEMPHIS

**DALE ROBINSON and**
**ANDREA ROBINSON,**

    **Plaintiffs,**

vs.                                                                                                           **NO.**
                                                                                                                                                  **JURY DEMANDED**

**CITY OF MEMPHIS,**
**TOD BARRETT (IBM #11915), and**
**CHRISTOPHER MILLER (IBM #11574),**
**Individually and in their official capacity,**

    **Defendants.**

**COMPLAINT FOR PERSONAL INJURIES AND VIOLATION OF CIVIL RIGHTS**

      COMES NOW Plaintiffs, Dale Robinson and Andrea Robinson, by and through counsel, and files this his Complaint for Personal Injuries due to the violations of the Fourth Amendment to the United States Constitution incorporated to the State via the Fourteenth Amendment to the United States Constitution, Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1988, specifically, Negligence, False Arrest, Malicious Prosecution, Abuse of Process, Assault, Excessive Force and Physical Brutality, Loss of Consortium, Conversion, Improper Seizure of Property, and Defamation of Character against the above-named Defendants and would respectfully show unto this Honorable Court the following, to wit:

1

## PARTIES

1. Plaintiff Dale Robinson is a resident citizen of Memphis, Shelby County, Tennessee and resides at 3410 Cody Drive, Memphis, Tennessee.

2. Plaintiff Andrea Robinson is a resident citizen of Memphis, Shelby County, Tennessee and resides at 3410 Cody Drive, Memphis, Tennessee.

3. The City of Memphis is a municipal corporation, and the public employer of the above-captioned officers.

4. Tod Barrett is a resident citizen of Memphis, Shelby County, Tennessee.

5. Christopher Miller is a resident citizen of Memphis, Shelby County, Tennessee.

## JURISDICTION AND VENUE

6. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment incorporated to the states via the Fourteenth Amendment, the TGTLA, negligence, false arrest, malicious prosecution, abuse of process, assault, excessive force and physical brutality, loss of consortium, conversion, and defamation of character, against the above-named Defendants. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 over the federal claims and based upon 28 U.S.C. § 1367 over the state tort claims because they arose out of the same case or controversy as the federal claims.

7. All parties are domiciliaries or municipalities of the United States District Court for the Western District of Tennessee, Western Division.

8. In addition, the conduct giving rise to these claims occurred in the Western District of Tennessee.

## FACTS

9. On or about March 24, 2013, Plaintiff Dale Robinson requested an officer to his home at 3410 Cody Drive, Memphis, Tennessee to file a report on a hit-and-run accident involving his daughter, Alisha Robinson.

10. Defendant Tod Barrett accepted this call and arrived on the scene.

11. Immediately upon his arrival, Defendant Tod Barrett appeared irritable and argumentative.

12. After some discussion with Plaintiff Dale Robinson and Alisha Robinson, Defendant Tod Barrett refused to file a full-report on the accident.

13. Plaintiff Dale Robinson stated that he would request another officer to the scene to file a full report.

14. While Plaintiff Dale Robinson was lawfully on his property, Defendant Tod Barrett ordered Plaintiff Dale Robinson into his home.

15. Plaintiff Dale Robinson stated to Defendant Tod Barrett that he was lawfully on his property.

16. At no time did Plaintiff Dale Robinson take an aggressive posture towards Defendant Tod Barrett.

17. Defendant Tod Barrett then became irate and placed Plaintiff Dale Robinson in a choke hold.

18. Defendant Tod Barrett then placed an "officer in need of assistance" call into dispatch.

19. Defendant Tod Barrett ordered Plaintiff Dale Robinson to place his hands behind his back while simultaneously holding Plaintiff Dale Robinson in a position making it impossible for him to comply.

20. Alisha Robinson went inside the home and alerted her mother and Plaintiff Dale Robinson's wife, Andrea Robinson of the events taking place outside.

21. Defendant Tod Barrett continued to choke Plaintiff Dale Robinson to the point of near unconsciousness.

22. Upon arriving outside, Plaintiff Andrea Robinson shouted to Defendant Tod Barrett that he was killing Plaintiff Dale Robinson.

23. Upon seeing and hearing Plaintiff Andrea Robinson's pleas, Defendant Tod Barrett released Plaintiff Dale Robinson.

24. Plaintiff Dale Robinson immediately complied with Defendant Tod Barrett's request to place his hands behind his back.

25. During these events, Defendant Christopher Miller arrived on the scene in response to Defendant Tod Barrett's "officer in need of assistance" call.

26. At all times, Plaintiff Andrea Robinson was lawfully on her property.

27. At no time did Plaintiff Andrea Robinson take any aggressive posture or advance towards the melee between Defendant Tod Barrett and Plaintiff Dale Robinson.

28. Immediately upon arriving on the scene and without provocation, Defendant Christopher Miller advanced towards Plaintiff Andrea Robinson with asp baton raised.

29. By his actions, Defendant Christopher Miller placed Plaintiff Andrea Robinson in fear of imminent bodily injury.

30. During the melee, Defendant Tod Barrett knocked the sunglasses from Plaintiff Dale Robinson's head.

31. Upon noticing Plaintiff Dale Robinson's sunglasses on the ground, Defendant Christopher Miller struck the sunglasses with his asp baton.

32. Defendant Tod Barrett unlawfully placed Plaintiff Dale Robinson under arrest and filed a Record of Arrest.

33. During the events heretofore described, a large group of neighbors gathered observing the events.

34. Defendant Tod Barrett subsequently filed criminal charges against Plaintiff Dale Robinson for resisting official detention and disorderly conduct by way of an Affidavit of Complaint.

35. This Affidavit of Complaint contained false statements of fact concerning Plaintiff Dale Robinson.

36. No probable cause existed for the filing of any criminal charge.

37. The City of Memphis employs an officer advisor specifically for the purpose of assisting officers in establishing probable cause where the initially submitted Affidavit of Complaint lacks probable cause.

38. The charges against Plaintiff Dale Robinson were dismissed in court.

39. Defendant Tod Barrett's sole purpose for bringing criminal charges against Plaintiff Dale Robinson was to harass Plaintiff and to justify his unnecessary use of force against Plaintiff Dale Robinson.

40. At all times during this occurrence, Defendant Tod Barrett acted under the color of authority as an officer of the Memphis Police Department.

41. At all times during this occurrence, Defendant Christopher Miller acted under color of authority as an officer of the Memphis Police Department.

42. As a direct and proximate cause of Defendant Tod Barret's conduct, Plaintiff Dale Robinson has suffered physical injuries, injury to his reputation, loss of wages, medical expenses, loss of liberty, and violation of his civil rights and protections under the United Stated Constitution and Tennessee Constitution.

43. As a direct and proximate cause of Defendant Tod Barret's conduct, Plaintiff Andre Robinson was deprived of the companionship and acts of love by her husband Plaintiff Dale Robinson.

44. As a direct and proximate cause of Defendant Christopher Miller conduct, Plaintiff Dale Robinson suffered loss of property.

45. As a direct and proximate cause of Defendant Christopher Miller's conduct, Plaintiff Andrea Robinson suffered injury to her mental and emotional well-being.

46. A subsequent complaint was filed against these individually named Defendants in the Memphis Police Department's Inspectional Services Bureau (hereinafter referred to as "ISB").

47. The ISB found grounds to suspend Defendant Tod Barrett for five days without pay for violating Memphis Police Departments Policies and Procedures.

48. The ISB found grounds to suspend Defendant Christopher Miller for three days without pay for violating Memphis Police Department's Policies and Procedures.

49. This specific type of police misconduct occurs with great frequency within the City of Memphis.

50. Many of these instances of police misconduct are reported to the ISB.

6

51. The ISB seldom disciplines the investigated officers and/or inadequately disciplines the investigated officers for misconduct where such discipline is justified for the alleged conduct.

52. It is the policy and/or custom of the City of Memphis to improperly and inadequately investigate or discipline officers for citizen complaints of police misconduct, and acts of misconduct were tolerated by the City of Memphis.

53. This failure of the City of Memphis to properly discipline its officers for police misconduct has created a policy by the City of Memphis condoning and encouraging police misconduct.

54. The City of Memphis failed to properly train Defendant Tod Barrett in use of force techniques and/or to detect improper use of force techniques.

55. As a direct and proximate cause of the conduct of the individually named Defendants, the policy of the City of Memphis failing to properly and adequately investigate and discipline its officers for police misconduct, and the failure of the City of Memphis to properly train its officers, Plaintiff Dale Robinson has suffered the following damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Freedom from the excessive and unreasonable use of force against his person;

    c. Freedom from prosecution for criminal charges where no probable cause exists;

    d. Loss of physical liberty;

    e. Loss of reputation and character;

    f. Loss of wages; and

    g. Physical pain and suffering and emotional trauma and suffering.

56. As a direct and proximate cause of the conduct of the individually named Defendants, the policy of the City of Memphis failing to properly and adequately investigate an discipline its officers for police misconduct, and the failure of the City of Memphis to properly train its officers, Plaintiff Andrea Robinson has been deprived of the companionship and acts of love from her husband, Plaintiff Dale Robinson.

57. The criminal charges against Plaintiff Dale Robison were dismissed in court.

## CLAIMS FOR RELIEF

I. CLAIMS BROUGHT UNDER 42 U.S.C. §§ 1983 AND 1988 AGAINST THE CITY OF MEMPHIS

A. Count 1 – False Arrest

1. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

2. Defendant Tod Barrett, acting under color of law and in their official capacity arrested Plaintiff knowingly without probable cause.

3. Defendant Tod Barrett was fully aware of the Fourth Amendment requirement that probable cause exists in order to make an arrest.

4. Defendant Tod Barrett was fully aware that Plaintiff did not engage in any unlawful conduct at the time he effected the arrest.

5. The City of Memphis employs and advocate to the officers in order to assist them in establishing the appearance of probable cause where it does not exist from the facts surrounding the arrest.

6. As a result of the employment of this advocate, the City of Memphis has created a policy to assist its officers in making false arrests.

8

7. The City of Memphis continuously fails to reasonably investigate and reprimand its officers where arrests are made without probable cause.

8. The City of Memphis fails to properly train its officers to avoid making false arrests.

9. As a result of these failures, the City of Memphis has adopted the policy and custom of condoning officers' false arrest.

10. As a direct and proximate cause of this policy and custom, the City of Memphis is subject to liability for the false arrests made by its employees and the damages caused to the arrestee subject thereto pursuant to 42 U.S.C. § 1983.

11. As a result of the City of Memphis's policy and custom with regard to the false arrests, Plaintiff Dale Robinson has suffered his unjustified loss of liberty.

B. Count II – Excessive Force and Physical Brutality

12. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

13. Defendant Tod Barrett, acting under color of law, used an unreasonable and excessive force to detain the Plaintiff.

14. The City of Memphis continuously fails to reasonably investigate and reprimand its officers where arrests are made by way of using excessive and unreasonable force.

15. The City of Memphis continuously fails to properly train its officers to effect an arrest without the use of excessive and unreasonable force.

16. As a result of this failure, the City of Memphis has adopted the policy and custom of condoning officers' use of excessive and unreasonable force to effect an arrest.

17. As a direct and proximate cause of this policy and custom, the City of Memphis is subject to liability for the use of excessive and unreasonable force used to effect an arrest made by its employees and the damages caused to the arrestee subject thereto pursuant to 42 U.S.C. § 1983.

18. As a result of the City of Memphis's policy and custom with regard to use of excessive and unreasonable force to effect arrests, Plaintiff Dale Robinson has suffered physical injury.

C. Count III – Malicious Prosecution

19. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

20. Defendant Tod Barrett swore out an Affidavit of Complaint, knowingly making false allegations against Plaintiff.

21. Plaintiff Dale Robinson was subsequently acquitted of all charges at trial.

22. The City of Memphis, by way of employing an individual specifically for the purpose of assisting officers in establishing probable cause in this Affidavit of Complaint, assists and promotes the filing of false charges.

23. The City of Memphis continuously fails to reasonably investigate and reprimand its officers where false allegations are made to bring criminal prosecution.

24. The City of Memphis continuously fails to properly train its officers to only file criminal charges against defendants with reasonable grounds and without malicious intent.

25. As a result of this failure, the City of Memphis has adopted the policy and custom of condoning officers' filing of false allegations to initiate criminal prosecution with malicious intent.

26.     The City of Memphis undertakes this process with the malicious intent to needless punish law abiding citizens.

27.     As a direct and proximate cause of this policy and custom, the City of Memphis is subject to liability for the malicious prosecution instigated by its employees and the damages caused to the arrestee subject thereto pursuant to 42 U.S.C. §§ 1983 and 1988.

28.     As a result of the City of Memphis's policy, customs, and lack of training with regard to its employees filing false criminal proceedings with malicious intent, Plaintiff has suffered loss of liberty.

29.     As a result of the City of Memphis's policy, customs, and lack of training with regard to its employees filing false criminal proceedings with malicious intent, Plaintiff has suffered attorney fees, and loss of wages to defend this malicious prosecution.

D.  Count IV --  Abuse of Process

30.     Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

31.     Defendant Tod Barrett swore out an Affidavit of Complaint, with the sole intent to protect Defendants from personal liability for damages caused in making the arrest.

32.     The City of Memphis, by way of employing an individual specifically for the purpose of assisting officers in establishing probable cause in this Affidavit of Complaint, assists and promotes the filing of false charges to protect itself and its employees from personal liability for damages caused in making the arrest.

33.     The City of Memphis continuously fails to reasonably investigate and reprimand its officers where false allegations are made to bring criminal prosecution for the purpose of

protecting itself and its employees from personal liability for damages caused in making the arrest.

34. As a result of this failure, the City of Memphis has adopted the policy and custom of condoning officers' filing of false allegations to initiate criminal prosecution to protect itself and its employees from personal liability for making the arrests.

35. As a direct and proximate cause of this policy and custom, the City of Memphis is subject to liability for abuse of process instigated by its employees and the damages caused to the arrestee subject thereto pursuant to 42 U.S.C. §§ 1983 and 1988.

36. As a result of the City of Memphis's policy, customs, and lack of training with regard to its employees filing false criminal proceedings to protect itself and its employees from personal liability, Plaintiff Dale Robinson has suffered loss of liberty.

37. As a result of the City of Memphis's policy, customs, and lack of training with regard to its employees filing false criminal proceedings to protect itself and its employees from personal liability, Plaintiff Dale Robinson has suffered attorney fees.

II. CLAIMS BROUGHT UNDER 42 U.S.C. §§ 1983 AND 1988 AND TORT AGAINST DEFENDANT TOD BARRETT.

A. Count V – Excessive Force and Physical Brutality

38. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

39. Defendant Tod Barrett used an amount of an excessive amount of force, unreasonable under the circumstances.

40. As a result of this conduct and/or omission, Plaintiff Dale Robinson has suffered damages, including but not limited to physical injury and pain and suffering.

12

B. <u>Count VI – Negligence</u>

41. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

42. Defendant Tod Barrett owes a duty to execute their police duties in a reasonable manner.

43. Defendant Tod Barrett breached that duty by using an unreasonable and excessive force to execute their duties.

44. Defendant Tod Barrett's breach of this duty is the direct and proximate cause of the damages suffered by Plaintiff.

C. <u>County VII – Assault and Battery</u>

45. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

46. Defendant Tod Barrett intentionally choked Plaintiff.

47. Plaintiff Dale Robinson was aware of this conduct by Defendant Tod Barrett causing Plaintiff Dale Robinson to apprehend such offensive and harmful conduct.

48. As a result of this assault and battery, Plaintiff has suffered damages as aforesaid.

D. <u>Count VIII – False Arrest</u>

49. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

50. Defendant Tod Barrett arrested Plaintiff Dale Robinson knowingly without probable cause.

51. Defendant Tod Barrett was fully aware of the Fourth Amendment requirement that probable cause exists in order to make an arrest.

52. Defendant Tod Barrett was fully aware that Plaintiff Dale Robinson did not engage in any unlawful conduct warranting the arrest.

53. The court subsequently dismissed all charges for which the arrest was made.

54. Plaintiff Dale Robinson suffered damages including, but not limited to, the loss of liberty.

E. Defamation of Character

55. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

56. Defendant Tod Barrett has disseminated false information concerning the conduct of Plaintiff Dale Robinson in the form of the Record of Arrest and Affidavit of Complaint

57. As a result of this dissemination, Plaintiff has suffered a loss of reputation in the community.

F. Loss of Consortium

58. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

59. As a result of the false arrest and physical injury to Plaintiff Dale Robinson, Plaintiff Andrea Robinson was deprived of the companionship and acts of love of her husband.

III. CLAIMS BROUGHT UNDER 42 U.S.C. §§ 1983 AND 1988 AND TORT AGAINST DEFENDANT CHRISTOPHER MILLER

A. Count IX – Assault and Battery

60. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

61. Defendant Christopher Miller intentionally raised his asp baton and charged toward Plaintiff Andre Robinson.

62. Plaintiff Andrea Robinson was aware of this conduct by Defendant Christopher Miller causing Plaintiff Andrea Robinson to apprehend such offensive and harmful conduct.

63. As a result of this assault and battery, Plaintiff Andrea Robinson has suffered damages as aforesaid

B. Count X – Improper Seizure of Property

64. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

65. Defendant Christopher Miller intentionally struck Plaintiff Dale Robinson's sunglasses with his asp baton destroying the sunglasses.

66. By this destruction, Defendant Christopher Miller, actin under color of authority, effectively seized the property by destroying it.

67. Defendant Christopher Miller did not have probable cause or a warrant to seize Plaintiff Dale Robinson's property.

68. Defendant Christopher Miller was fully aware of the Fourth Amendment requirement of probable cause to seize property.

69. Defendant Christopher Miller disregarded this probable cause requirement when seizing Plaintiff Dale Robinson's property.

70. As a result of this seizure, Plaintiff Dale Robinson suffered damages and loss of his property.

15

C. <u>Count XI – Conversion</u>

71. Paragraphs one through fifty-seven are incorporated herein by reference as though fully set forth.

72. By destroying Plantiff Dale Robins's sunglasses, Defendant Christopher Miller assumed control over Plaintiff Dale Robinson's property.

73. Plaintiff Dale Robinson gave no consent to Defendant Christopher Miller to assume control over his property.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray:

1. That service of process issue requiring the Defendants to answer said allegations.

2. That judgment be entered for Plaintiff Dale Robinson against the Defendants herein based on the aforesaid causes in the amount of Five Hundred Thousand dollars ($150,000.00) for compensatory damages which will fairly and adequately compensate Plaintiff Dale Robinson for his injuries, losses, past and future, loss of property, and for interest as permitted by law, and costs and attorney fees of this suit.

3. That judgment be entered for Plaintiff Andrea Robinson against the Defendants herein based on the aforesaid causes in the amount of Twenty-Five Thousand dollars ($25,000.00) for compensatory damages which will fairly and adequately compensate Plantiff Andrea Robinson for her injuries, losses, past and future, and for interest as permitted by law, and costs and attorney fees of this suit.

4. That judgment be entered for Plaintiff Dale Robinson against the Defendants herein in the amount of Two Hundred Fifty Thousand dollars ($250,000.00) for punitive damages.

5. That judgment be entered for Plaintiff Andrea Robinson against the Defendants herein in the amount of Fifty Thousand Dollars ($50,000.00) for punitive damages.

6. Plaintiff prays for a trial by jury.

7. Plaintiff reserves right to amend complaint to conform to further discovery.

8. For such general and further relief upon which the Plaintiff may be entitled.

Respectfully submitted,

 /s/ Gerald D. Waggoner
Gerald D. Waggoner (TN BPR# 13988)
THE WAGGONER LAW FIRM
1433 Poplar Avenue
Memphis, TN 38104
Telephone: (901) 276-3334
Facsimile:  (901) 276-4715
*Attorney for Plaintiff*